[611 NYS2d 258]

In the Matter of MICHAEL D. BENJAMIN (Admitted as MICHAEL DENNIS BENJAMIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 2, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus*, Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Jerome Karp., P. C.,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with 15 allegations of professional misconduct. The Special Referee sustained all 15 charges. The Grievance Committee moved to confirm the report of the Special Referee. The respondent does not contest the findings of the Special Referee and concedes the factual predicates. He has submitted an affirmation in response to the Grievance Committee's motion to confirm in which he asks the Court to limit his sanction to an order censuring him for his professional misconduct.

Charge One alleged that the respondent has neglected a legal matter entrusted to him. After being retained to represent Ethel Silverman in connection with injuries she sustained in an automobile accident on or about August 31, 1985, the respondent failed to diligently pursue her claims.

Charge Two alleged that the respondent failed to file a retainer statement with the Office of Court Administration, as required by 22 NYCRR 691.20 (a) (1), after being retained to represent Ethel Silverman in a personal injury action.

Charge Three alleged that the respondent neglected a legal matter entrusted to him. In or about 1987, he was retained by Frank Silver, who was then 85 years old, to commence a divorce action. Although the respondent received a fee of approximately $1,000, he failed to obtain a divorce on Mr. Silver's behalf.

Charge Four alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained to commence a personal injury action on behalf of Catherine Rivera Hoffman in or about 1987. The respondent thereafter failed to diligently pursue Ms. Hoffman's claims.

Charge Five alleged that the respondent failed to file a retainer statement with the Office of Court Administration, as required by 22 NYCRR 691.20 (a) (1), after being retained by Catherine Rivera Hoffman in or about 1987.

Charge Six alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained to commence a personal injury action on behalf of Mary L. Edwards in or about 1986. Subsequent to the respondent's service of a summons, the defendant successfully moved to dismiss the action due to the respondent's failure to serve a complaint. The motion to dismiss was granted on default. The respondent failed to take any action to vacate the default

until in or about 1991, after his client had filed a complaint against him with the Grievance Committee.

Charge Seven alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained by Earnest Evans to prosecute a property damage claim arising out of an automobile accident. The respondent failed to diligently pursue Mr. Evans' claims.

Charge Eight alleged that the respondent has neglected a legal matter entrusted to him. The respondent was retained by Charmaine Stephens in or about December 1988 to represent her claims pertaining to a divorce, support, and child custody case. He was paid a $1,500 legal fee. The respondent caused a summons and complaint, dated December 1988, to be served upon the husband on or about October 10, 1989. He purchased an index number in or about February 1989 and filed a note of issue in or about August 1991. At the hearing conducted in October 1991, a stipulation of settlement was put on the record. The respondent thereafter failed to submit a judgment in accordance with the stipulation of settlement within 60 days.

Charge Nine alleged that the respondent neglected a legal matter entrusted to him. Although he was retained in or about 1985 to commence a personal injury action on behalf of Michael Gazzillo, an infant who was then 12 years old, the respondent did not prepare and serve a summons in the name of the mother, as guardian, until in or about August 1990. The respondent then failed to serve a timely complaint.

Charge Ten alleged that the respondent has neglected a legal matter entrusted to him. The respondent was retained to commence a personal injury action on behalf of Laura Gazzillo in or about 1986. He failed to diligently pursue those claims.

Charge Eleven alleged that the respondent neglected a legal matter entrusted to him. After sustaining an injury in a stairway fall in or about September 1987, Hazel Speer retained an attorney to commence a personal injury action on her behalf. The respondent took over the case in or about 1989 and served a summons with notice in or about September 1990. Although the defendants failed to interpose an answer, the respondent failed to obtain a default judgment.

Charge Twelve alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained to represent Katherine Sarris in a personal injury action in or about 1986 and commenced an action by service of a summons

and complaint on or about December 15, 1987. Although the defendant failed to interpose an answer, the respondent failed to take a timely default judgment.

Mrs. Sarris died intestate on or about November 11, 1988. Letters of administration were issued to her son on or about September 8, 1989.

The respondent failed to take any further action on this matter until after a complaint was filed against him with the Grievance Committee by a member of the Sarris family. The respondent filed a motion in the Supreme Court, Kings County, on or about November 9, 1992, to amend the caption to reflect the plaintiff's death, to extend the time to take a default judgment pursuant to CPLR 2004, and to enter a judgment on default, pursuant to CPLR 3215.

Charge Thirteen alleged that the respondent neglected a legal matter entrusted to him. In or about 1981, the respondent was retained to represent Antoinette Intoci in a personal injury action after she was injured in a fall at a supermarket. The respondent commenced an action by service of a summons and complaint. Although the defendants interposed no answer, the respondent failed to take a timely default judgment.

Charge Fourteen alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained to represent the estate of Josephine Chirillo in or about 1986. He failed to take the necessary steps to conclude the estate despite frequent inquiries from the beneficiaries.

Charge Fifteen alleged that the respondent did not adequately respond to the inquiries of the following clients and/or their representatives, with respect to their cases:

1. Irving and Ethel Silverman
2. Bruce and Catherine (Rivera) Hoffman
3. Mary L. Edwards
4. Earnest Evans
5. Charmaine Stephens
6. Laura Gazzillo
7. Hazel Speer
8. William Sarris (on behalf of Katherine Sarris)
9. Antoinette Intoci

Based upon the respondent's admissions and the evidence adduced, the Special Referee properly sustained all 15 charges of professional misconduct against the respondent.

In determining an appropriate measure of discipline to

impose, we have considered the character evidence presented by the respondent and the proffered defense of his debilitating addiction to marihuana. We also note that in May 1989, the respondent received an Admonition based upon his failure to cooperate with both the Brooklyn Bar Association and the Grievance Committee in their respective investigations of complaints against him. The respondent also received a Letter of Caution, dated May 15, 1989, for failing to adequately respond to the inquiries of three separate clients. In view of this serious professional misconduct, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael D. Benjamin, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael D. Benjamin is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.